OPINION *Page 2 
{¶ 1} Plaintiffs-appellants Nicholas Evanich and Kathleen Jeffers appeal the July 10, 2007 Judgment Entry of the Stark County Court of Common Pleas, Probate Division, in favor of Defendant-appellee Eva Buxser, Executrix of the Estate of Michael Paul Evanich, Deceased.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Defendant-appellee Eva Buxser is the Executrix of the Estate of Michael Paul Evanich, Deceased. The Will of Michael Paul Evanich was admitted to probate on November 8, 2006.
 {¶ 3} Michael Paul Evanich died testate on October 23, 2006. At the time of his death, Decedent was survived by his sister, Eva Buxser, his niece, Kathleen Jeffers, his brother, Nicholas Evanich, and his daughter, Jacqueline Evanich. His son, Larry Evanich, is deceased.
 {¶ 4} Prior to his death, Decedent had been placed under various guardianships by the trial court, and at the time of his death Appellee served as his guardian.
 {¶ 5} Appellee, the decedent's sister, who was named as executor in the will, filed an Application to Probate Will on November 8, 2006. The will was admitted to probate on November 8, 2006. The Certificate of Notice of Service of Probate of the will was filed on November 20, 2006.
 {¶ 6} On March 20, 2007, Appellants filed a complaint to contest the will asking the will be decreed invalid and set aside. On March 30, 2007, Appellee filed a motion to dismiss the complaint maintaining Appellants were barred from filing the complaint by the statute of limitations. Appellee filed an answer to the complaint on April 17, 2007, *Page 3 
stating the complaint should be dismissed for failure to file within the time set forth in R.C. Section 2107.76.
 {¶ 7} The trial court conducted a hearing relative to the motion to dismiss on May 7, 2007. Via Judgment Entry of July 10, 2007, the trial court granted the motion to dismiss the complaint.
 {¶ 8} Appellants filed a notice of appeal with this Court on August 10, 2007. On August 16, 2007, Appellee filed a motion to dismiss the within appeal. On August 24, 2007, Appellants filed a motion in opposition to Appellee's motion to dismiss. Via Judgment Entry of September 14, 2007, this Court denied Appellee's motion to dismiss.
 {¶ 9} Appellants assign as error:
 {¶ 10} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' WILL CONTEST ACTION WHERE THE UNDERLYING PROBATE CAUSE WAS NOT PROPERLY `COMMENCED'.
 {¶ 11} "II. THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' WILL CONTEST ACTION WHEREIN THE APPELLEE'S COURT FILINGS IN THE UNDERLYING PROBATE CAUSE EVINCED [SIC] FRAUD.
 {¶ 12} "III. THE TRIAL COURT'S DECISION CONSTITUTED AN ABUSE OF DISCRETION WITH PREJUDICIAL HARM TO APPELLANTS."
 {¶ 13} As noted in the statement of facts and case, supra, Appellants filed their notice of appeal from the trial court's July 10, 2007 Judgment Entry on August 10, 2007. This Court, via interlocutory order, denied Appellee's motion to dismiss which asserted the appeal was untimely. We now return to the issue of jurisdiction both sua sponte and because the issue was raised again in Appellee's brief to this Court. *Page 4 
 {¶ 14} Ohio Civil Rule 58(B) provides: {1f15} "(B) Notice offiling
 {¶ 15} "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)."
 {¶ 16} Upon review of the trial court's July 10, 2007 Judgment Entry, the court directs the clerk:
 {¶ 18} "It is ORDERED that the foregoing judgment entry shall be served on all parties of record within 3 days after docketing of this entry and the service shall be noted on the docket."
 {¶ 18} The trial court's docket indicates the Judgment Entry was filed with the clerk on July 10, 2007, the docket indicates a notice of appealable order was filed the same day and notice was sent to John Morris and Lemuel Green, counsel for the parties, the same day.
 {¶ 19} Therefore, pursuant to Civil Rule 58(B), upon serving the notice and notation of the service in the docket, the service was complete.
 {¶ 20} Ohio Appellate Rule 4(A) reads:
 {¶ 21} "(A) Time for appeal *Page 5 
 {¶ 22} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period inRule 58(B) of the Ohio Rules of Civil Procedure." (Emphasis added.)
 {¶ 23} In the case sub judice, the docket indicates service was made on Appellants within the three day period required in Rule 58(B); therefore, the thirty day time period began to run on date of entry of judgment, July 10, 2007. Accordingly, the deadline for Appellant to file the notice of appeal was August 9, 2007. This Court is not empowered to extend the time deadline in civil cases. Appellants untimely filed their notice of appeal on August 10, 2007. Accordingly, this appeal is dismissed for want of jurisdiction.
 Hoffman, P.J., Wise, J. and Delaney, J. concur *Page 6 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, this appeal is dismissed for want of jurisdiction. Costs assessed to Appellants. *Page 1